IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:17-CR-3123 |
| vs. | MEMORANDUM AND ORDER |
| ISRAEL ELIAS HOLMES, | |
| Defendant. | |

This matter is before the Court on the defendant's motion for "correction of sentence" (filing 168). But the sentence imposed on the defendant was not erroneous, and his motion will be denied.

The defendant was implicated in a string of bank robberies in the Lincoln, Nebraska area between March and October 2017. *See* filing 1. He was indicted along with several coconspirators on one count of conspiracy to commit bank robbery, along with a single count of bank robbery relating to the robbery of Lincoln Federal Savings on October 3, 2017. Filing 1 at 3-4. Pursuant to a plea agreement, he pleaded guilty to the conspiracy charge, and the separate count of robbery was dismissed. Filing 80 at 1. But under the plea agreement, the Lincoln Federal Savings robbery was still relevant conduct that could be considered at sentencing. *See* filing 80 at 2-4, 7.

Accordingly, at sentencing, the Court considered all of the bank robberies the defendant participated in, including the robbery of Lincoln Federal Savings. Essentially, the Court recited the 5 robberies in which the defendant was involved, and—relying on the 18 U.S.C. § 3553(a) factors—added 2 years for each robbery, resulting in a 120-month within-Guidelines sentence. *See* filing 141 at 2; filing 142 at 1.

The defendant's motion for "correction of sentence" rests on the assumption that the Court erred in considering the Lincoln Federal Savings robbery in imposing sentence, because the charge based on that robbery was dismissed pursuant to the plea agreement. *See* filing 168. But the defendant was not sentenced to imprisonment on that charge—rather, the Court considered that *conduct* when determining the appropriate sentence for the conspiracy to which the defendant pleaded guilty. And that, the Court had the right to do. *See United States v. Thomas*, 760 F.3d 879, 889 (8th Cir. 2014) (sentencing court may consider charged, uncharged, dismissed, and acquitted conduct as relevant conduct).

So, the Court did not err. But even if it had, the Court would lack jurisdiction to correct it, because the Court may correct an erroneous sentence only within 14 days after sentencing. Fed. R. Crim. P. 35(a); *see United States v. Holm*, 877 F.2d 677, 678 (8th Cir. 1989) (limitation period of Rule 35(a) is jurisdictional). Nor is this a clerical error within the meaning of Fed. R. Crim. P. 36. *See United States v. Yakle*, 463 F.3d 810, 811 (8th Cir. 2006).

In short, it's too late to correct any error in the sentence here—but there was no error, because the Court imposed a lawful and appropriate sentence.

IT IS ORDERED that the defendant's motion for "correction of sentence" (filing 168) is denied.

Dated this 16th day of January, 2019.

BY THE COURT:

John M. Gerrard
John M. Gerrard
Chief United States District Judge