IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:17-CR-3123 |
| vs. | MEMORANDUM AND ORDER |
| ISRAEL ELIAS HOLMES, | |
| Defendant. | |

This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 173) filed by the defendant, Israel Elias Holmes. The motion was timely filed less than 1 year after the defendant's conviction became final. *See* § 2255(f). The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show the movant is entitled to no relief. § 2255(b); *Dat v. United States*, 920 F.3d 1192, 1194 (8th Cir. 2019).

Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Ford v. United States*, 917 F.3d 1015, 1026 (8th Cir. 2019).

BACKGROUND

The defendant was charged in 2017 with one count of conspiring to commit Hobbs Act robbery and one count of bank robbery. Filing 1. Ultimately, he pled guilty to the conspiracy count pursuant to a plea agreement providing for an offense level of at least 29, with the parties free to present evidence regarding a role adjustment. Filing 80 at 5-6. The parties had no agreement regarding the defendant's criminal history. Filing 80 at 7.

The presentence report did not include a role adjustment; however, it did assess a 4-level increase in the offense level based on a multiple count adjustment. Filing 139 at 17. So, the presentence report calculated a combined adjusted offense level of 31, which was reduced to 28 by acceptance of responsibility. Filing 139 at 17. The defendant's counsel presented an objection to the multiple count adjustment to the probation officer, filing 139 at 32, but did not object to the Court, filing 119. The Court adopted the presentence report and sentenced the defendant based on a total offense level of 28 and a criminal history category III, resulting in a guidelines sentencing range of 97-121 months' imprisonment. Filing 142 at 1. The Court sentenced the defendant to 120 months' imprisonment. Filing 141 at 2.

DISCUSSION

The defendant's sole claim is ineffective assistance of counsel. Filing 173 at 4. The defendant's claim is premised on a factual narrative that can be generally characterized as raising two issues: alleged ineffectiveness in negotiating the plea agreement, and alleged ineffectiveness in reviewing the presentence report. Filing 173 at 7-10. Neither argument has merit.

To establish a claim of ineffective assistance of counsel, the defendant must show that his attorney's performance was deficient and that this prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance can be shown by demonstrating that counsel's performance fell below an objective standard of reasonableness. *Id*. at 688. However, the Court's scrutiny of counsel's performance is highly deferential, because the Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689.

To satisfy the prejudice prong of *Strickland*, the defendant must show that counsel's error actually had an adverse effect on the defense. *Gregg v. United States*, 683 F.3d 941, 944 (8th Cir. 2012). The defendant must do more than show that the errors had some conceivable effect on the outcome of the proceeding. *Id*. Rather, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. A "reasonable probability" is less than "more likely than not," but it is more than a possibility; it must be sufficient to undermine confidence in the outcome of the case. *Paul v. United States*, 534 F.3d 832, 837 (8th Cir. 2008).

The defendant's first argument is apparently that his counsel should have negotiated a more favorable plea agreement. *See* filing 173 at 7-8. The defendant contends that he rejected the government's initial plea offer, and

asked for a binding Fed. R. Crim. P. 11(c)(1)(C) plea agreement. Filing 173 at 7. He was offered a binding agreement based on a criminal history category III and offense level 30. Filing 173 at 7-8. The Court infers that he rejected that offer. *See* filing 173 at 8. Instead, counsel brought him another non-binding plea offer, which is the one he accepted. Filing 173 at 8. The defendant contends, however, that he "was on suicide watch at the time" and that counsel was aware of that and "took advantage of [his] mental state and did not take the reasonable steps to investigate the issues concerning [his] background and history to figure out his accurate guideline range. . . ." Filing 173 at 8.

But in the plea negotiation context, in order to establish prejudice, a petitioner must show that the outcome of the plea process would have been different had competent counsel represented him during the plea process. *Barnes v. Hammer*, 765 F.3d 810, 814 (8th Cir. 2014); *see Lafler v. Cooper*, 566 U.S. 156, 163 (2012). The defendant cannot make that showing, because he does not allege anything establishing that a more favorable plea agreement could have been successfully negotiated. *See Ybarra v. United States*, No. 4:12-cr-268, 2019 WL 3877968, at *3 (W.D. Mo. Aug. 16, 2019); *Sturdivant v. United States*, No. 3:12-cv-3085, 2016 WL 1298127, at *11 (N.D. Iowa Mar. 31, 2016); *see also Plunk v. Hobbs*, 766 F.3d 760, 765 (8th Cir. 2014); *Ramirez v. United States*, 751 F.3d 604, 608 (8th Cir. 2014). In the absence of any allegations suggesting the actual availability of a better deal, there is no basis to find that the defendant was prejudiced by the deal he accepted—nor, for that matter, is it possible to find that counsel performed deficiently in failing to negotiate a wholly speculative plea agreement.

It's also noteworthy that despite his intimations regarding his mental health, the defendant doesn't actually assert that he wouldn't have pled guilty except for counsel's allegedly deficient performance. *See Meza-Lopez v. United*

*States*, 929 F.3d 1041, 1044-45 (8th Cir. 2019). Nor do the bare allegations that the defendant was "on suicide watch" and that counsel knew that establish that the defendant was incompetent to proceed, much less that counsel should have known about it if he was incompetent to proceed.[1] *See Davis v. United States*, 858 F.3d 529, 533-35 (8th Cir. 2017).

Instead, the defendant simply suggests that counsel did not know "what his guideline range was for them to negotiate with the government" and "did not take the reasonable steps to investigate the issues concerning [his] background and history to figure out his accurate guideline range. . . ." Filing 173 at 8. But that establishes neither deficient performance nor prejudice when the defendant doesn't say what his guideline range actually would have been, or allege that the stipulations in the plea agreement were inaccurate, or even (as will be explained in more detail below) offer allegations suggesting that the guidelines range calculated in the presentence report and adopted by the Court was inaccurate. The defendant's "buyer's remorse" doesn't support an ineffective assistance of counsel claim where the defendant can't show that he actually got a bad deal.

The defendant's other primary claim of ineffective assistance of counsel is based on alleged errors in the presentence report—but, most of them aren't errors, and none of them were prejudicial. As a general matter, the defendant suggests that he didn't review the presentence report with counsel—but, counsel was asked at sentencing whether he had reviewed the presentence report with the defendant, and he said that he had. The defendant said nothing to the contrary.

---

[1] In his petition to enter a guilty plea, the defendant denied ever having been under a doctor's care for a medical or emotional condition. Filing 79 at 1-2.

More particularly, though, the defendant first points to an alleged misstatement in the presentence report, in which the probation officer wrote that the defendant "is named as a member of a conspiracy involving six bank robberies. However . . . he is being held accountable for only those robberies that he was specifically involved in with his co-defendants." Filing 139 at 14. The defendant points out that the conspiracy, as indicted, only involved five robberies. But the confusion arose from the fact that the indictment was based on *seven* robberies—five were listed as the overt acts of the conspiracy, and two were separately charged against the respective participants. Filing 1. So, while the conspiracy (as charged) only involved five robberies, the defendant was involved in six.[2]

But to the extent that was a misstatement, it wasn't prejudicial—the multiple count adjustment in the presentence report was only based on the five overt acts charged in the conspiracy (all of which the defendant participated in), filing 139 at 17, and the defendant *was* involved in six robberies. The defendant's other suggestion, that it was somehow incorrect to include the sixth robbery as relevant conduct, has already been presented to the Court by the defendant and rejected. Filing 169. But to repeat: while the charge based on the Lincoln Federal Savings robbery was dismissed pursuant to the plea agreement, the Court considered that *conduct* when determining the appropriate sentence for the conspiracy to which the defendant pleaded guilty. And the Court had the right to do so. *See United States v. Thomas*, 760 F.3d

---

[2] The defendant also implies that the presentence report was wrong because it said he was "being held accountable for only those robberies that he was specifically involved in with his co-defendants," but he only committed two robberies *with* his co-defendants. Filing 173 at 9. That's because he did the other three by himself. *See* filing 1 at 3-4, filing 139 at 5. If the defendant thinks committing robberies by himself makes him *less* culpable, he's mistaken.

879, 889 (8th Cir. 2014) (sentencing court may consider charged, uncharged, dismissed, and acquitted conduct as relevant conduct). So, the defendant has not identified any error in the guidelines calculations, either in the presentence report or at sentencing.[3] And as a result, he hasn't identified any ineffective assistance of counsel either.

CONCLUSION

The defendant's allegations either entitle him to no relief, or are contradicted by the record. Accordingly, his § 2255 motion will be summarily dismissed. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler,* 565 U.S. 134, 140-41 (2012).

In this case, the defendant has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability.

---

[3] It is also important to note that regardless of the guidelines calculation, the Court's sentence was based on the 18 U.S.C. § 3553(a) factors, and the Court was quite clear that it "would be pronouncing the same sentence regardless of whether the guidelines existed or not." So, even if there had been an error in the presentence report, the defendant wasn't prejudiced by it.

IT IS ORDERED:

1. The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (filing 173) is denied.

2. The Court will not issue a certificate of appealability in this matter.

3. A separate judgment will be entered.

4. The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 8th day of October, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge