IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:17-CR-3123 |
| vs. | |
| ISRAEL ELIAS HOLMES, | ORDER |
| Defendant. | |

The defendant has filed a motion to appoint counsel (filing 194) based on the Supreme Court's recent decision in *United States v. Taylor*, No. 20-1459, 2022 WL 2203334 (U.S. June 21, 2022). The defendant's motion will be denied, because *Taylor* doesn't affect his case.

Understanding *Taylor*—and why it has no bearing on the defendant's conviction—requires a little explanation. A federal law, the Armed Career Criminal Act, provides mandatory minimum sentences for one who, "during and in relation to any crime of violence or drug trafficking crime," uses or carries a firearm or possesses a firearm in furtherance of the crime. 18 U.S.C. § 924(c)(1)(A). In other words, if a person commits a "crime of violence" or "drug trafficking crime," that crime can then be the predicate for *another* conviction and sentence based on the involvement of a firearm in the predicate crime. And a "crime of violence" is a crime that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A); see *United States v. Davis*, 139 S. Ct. 2319 (2019).

A different federal law, the Hobbs Act, makes it a crime to commit, attempt, or conspire to commit a robbery or extortion in a way that impacts interstate commerce. 18 U.S.C. § 1951. The question in *Taylor* was whether an

attempted Hobbs Act robbery was a "crime of violence" that could serve as the predicate crime for a separate conviction under the Armed Career Criminal Act. *Taylor*, 2022 WL 2203334, at *3. The Supreme Court held it couldn't, because "no element of attempted Hobbs Act robbery requires proof that the defendant used, attempted to use, or threatened to use force." *Id.* at *5.

The problem for the defendant here is that he was convicted of neither attempted Hobbs Act robbery nor anything under the Armed Career Criminal Act. The defendant was charged in 2017 with one count of conspiring to commit Hobbs Act robbery and one count of bank robbery. Filing 1. Pursuant to a plea agreement, he pleaded guilty to the conspiracy charge, and the separate count of robbery was dismissed. Filing 80 at 1. So, neither attempted Hobbs Act robbery nor the Armed Career Criminal Act were involved. Certainly, it would be fair to question, in an Armed Career Criminal Act prosecution, whether a Hobbs Act conspiracy was a crime of violence either. But because the defendant was not convicted under the Armed Career Criminal Act, it doesn't matter whether his conviction was for a "crime of violence" under that law. There is, accordingly, no basis to appoint counsel. *See United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009).

IT IS ORDERED that the defendant's motion to appoint counsel (filing 194) is denied.

Dated this 28th day of June, 2022.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge